UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW DALE FARIS,                    ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.                    ) | No. 1:22-cv-02114-TWP-TAB |
| ) | |
| UNITED STATES POSTAL SERVICE,         ) | |
| KATHIE COWAN, and TORI JENKINS,       ) | |
| ) | |
| Defendants.           ) | |

### ENTRY SCREENING THE AMENDED COMPLAINT
### AND DIRECTING SERVICE

Pursuant to 28 U.S.C. § 1915, this matter is before the Court for screening of *pro se* Plaintiff Andrew Dale Faris's ("Plaintiff") Amended Complaint (Dkt. 8). On November 7, 2022, the Court granted Plaintiff's Request to Proceed in District Court Without Prepaying the Full Filing Fee and allowed him to proceed in this action *in forma pauperis* (Dkt. 5). The Court also screened Plaintiff's Complaint and found that it was subject to dismissal because it failed to state a claim upon which relief can be granted. The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies of his original Complaint. *Id.*

On November 14, 2022, Plaintiff filed a "Motion to an Order to Show Cause" (Dkt. 6) and a "Motion to Amend" (Dkt. 7), which has been docketed as an Amended Complaint. The filings at Dkt. 6 and Dkt. 7 are nearly identical and provide to the Court an amended complaint and show cause why this action should not be dismissed, in response to the Court's November 7, 2022 screening Order. Two days later, on November 16, 2022, Plaintiff filed another "Motion to Amend" (Dkt. 8), which is again nearly identical to his November 14 filings and provides the Court with an Amended Complaint. The Court accepts Plaintiff's most recent filing at Dkt. 8 as Plaintiff's

operative pleading--the Amended Complaint. Because Plaintiff is allowed to proceed *in forma pauperis*, his Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915.

## I. Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

By his Amended Complaint, *pro se* Plaintiff brings a civil action against Defendants United States Postal Service ("USPS"), Kathie Cowan ("Cowan"), and Tori Jenkins ("Jenkins") (collectively, "Defendants") (Dkt. 8). Plaintiff alleges an FMLA violation and breach of an employment contract that he had with his employer USPS. *Id.* at 4–5. Plaintiff alleges that he had an accident on December 13, 2019, which required emergency surgery and left him incapacitated and in critical care for four days. Plaintiff was retroactively granted FMLA leave; however, the

Defendants charged him with being AWOL, which was then used to terminate him from his employment with USPS. Plaintiff asserts that the Defendants' actions violated his FMLA rights and breached his employment contract. *Id.* He seeks reinstatement and back pay. *Id.* at 6. At this time, the Court has not determined that the action must be dismissed pursuant to § 1915(e) and therefore **shall proceed**. This ruling is without prejudice to the filing of a proper Rule 12 motion.

## II.     Service of Process

Because Plaintiff is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for Plaintiff. Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendants United States Postal Service, Kathie Cowan, and Tori Jenkins. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the Amended Complaint (Dkt. 8); and a copy of this Entry, on the Defendants and on the officials designated pursuant to Rule 4(i)(2), at the expense of the United States.

## III.     Conclusion

For the reasons explained above, the Amended Complaint (Dkt. 8) is the operative complaint in this action. Plaintiff's Amended Complaint was erroneously identified by Plaintiff as a motion. The Clerk is **directed to terminate the motion flag** at Dkt. 8. The Amended Complaint at Dkt. 7 is **STRICKEN** because it is duplicative of Dkt. 8.  The Plaintiff's Motion to an Order to Show Cause (Dkt. 6) is granted in so far as Plaintiff has shown cause why this action should not be dismissed. Finally, it has come to the Court's attention that one of the attachments to Dkt. 6 contains Plaintiff's date of birth (Dkt. 6-1 at 3). The Clerk is **directed** to temporarily restrict the attachments at (Dkt. 6-1) to case participants only. If a redacted version is not filed within twenty-one days, the case participants restriction will be removed. [1]

---

[1] Local Rule 5-11(c)(2) provides: "When any of the confidential information in a document is irrelevant or immaterial to resolution of the matter at issue, the filing party may redact, by blacking out, the confidential information in lieu of

**SO ORDERED.**

Date: 11/22/2022

_Hon. Tanya Walton Pratt, Chief Judge_
United States District Court
Southern District of Indiana

Distribution:

Andrew Dale Faris
4527 Bellingham Terrace
Apt. 123
Indianapolis, IN 46221

United States Postal Service
Kathie Cowan
Tori Jenkins
c/o Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048

United States Postal Service
Kathie Cowan
Tori Jenkins
475 L'Enfant Plaza SW
Washington, DC 20260

United States Postal Service
Kathie Cowan
Tori Jenkins
c/o United States Attorney General
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

---

filing under seal." If appropriate, Plaintiff is given leave to redact the confidential information and refile the attachments at Dkt. 6-1 as attachments to his Amended Complaint (Dkt. 8) within twenty-one days of this notice.